J-S52005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KAYLON EVAN COWAN, | : | |
| | : | |
| Appellant | : | No. 242 MDA 2017 |

Appeal from the PCRA Order entered December 19, 2016
in the Court of Common Pleas of Lancaster County,
Criminal Division, No(s):  CP-36-CR-0003026-2013

BEFORE:  GANTMAN, P.J., LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 31, 2017**

Kaylon Evan Cowan ("Cowan") appeals, *pro se*, from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 29, 2013, Cowan was charged with one count of aggravated assault.  **See** 18 Pa.C.S.A. § 2702(a)(1).  On October 3, 2013, Cowan entered a negotiated **Alford**[1] plea.  In accordance with the negotiated plea, the trial court sentenced Cowan to 5 to 20 years in prison,[2] and imposed a fine of $100.  Cowan did not file a direct appeal.

On September 12, 2016, Cowan filed the instant *pro se* PCRA Petition. The PCRA court appointed Cowan counsel, who subsequently filed a request

---

[1] **N.C. v. Alford**, 400 U.S. 25 (1970).

[2] The trial court imposed a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712.

to withdraw and a "no-merit" letter pursuant to **Turner**/**Finley**.[3]  Cowan

filed objections to the **Turner**/**Finley** letter.  After providing a Pa.R.Crim.P.

907 Notice of Intent to Dismiss, the PCRA court granted counsel's request to

withdraw.  Thereafter, the PCRA court dismissed Cowan's PCRA Petition

without a hearing.  Cowan filed a timely Notice of Appeal.

On appeal, Cowan raises the following question for our review:

> I.  Can a sentence that is void from imposition serve as the basis
> for finality so as to trigger the one-year limitation period of the
> PCRA?

Brief for Appellant at 4 (capitalization omitted).

> We review an order dismissing a petition under the PCRA
> in the light most favorable to the prevailing party at the PCRA
> level.  This review is limited to the findings of the PCRA court
> and the evidence of the record.  We will not disturb a PCRA
> court's ruling if it is supported by evidence and is free of legal
> error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

Under the PCRA, a defendant must file any PCRA petition within one

year of the date the judgment of sentence becomes final.  **See** 42 Pa.C.S.A.

§ 9545(b)(1).  A judgment of sentence becomes final "at the conclusion of

direct review, including discretionary review in the Supreme Court of the

United States and the Supreme Court of Pennsylvania, or the expiration of

time for seeking review.  **Id.** § 9545(b)(3).

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Here, the trial court sentenced Cowan on October 3, 2013, and Cowan did not file a direct appeal. Thus, Cowan's sentence became final on November 4, 2013.[4] *See* 42 Pa.C.S.A. § 9545(b)(3). Cowan had until November 4, 2014, to file a timely PCRA petition. Therefore, Cowan's September 12, 2016 Petition is facially untimely under the PCRA.

However, in the event that a petition is not filed within the one-year time frame, the PCRA provides three timeliness exceptions: (1) the failure to raise the claim was the result of government interference; (2) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. *Id.* § 9545(b)(1)(i-iii).

Here, Cowan invokes the newly-recognized constitutional right exception, and argues that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), renders his sentence illegal. Brief for Appellant at 8-10. However, *Alleyne* was decided on June 17, 2013. Cowan filed the PCRA Petition in September of 2016, well over sixty days after the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [the newly-]

---

[4] November 2, 2013, was a Saturday.

recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Even if Cowan had properly invoked the exception at section 9545(b)(1)(iii), the rule established in **Alleyne** does not apply retroactively. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) (holding that "**Alleyne** does not apply retroactively to cases pending on collateral review."); **see also Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that while **Alleyne** claims go to the legality of the sentence, a court cannot review a legality claim where it does not have jurisdiction). Cowan failed to meet the third timeliness exception. Thus, the PCRA court properly dismissed Cowan's PCRA Petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2017

- 4 -